**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PMN II, LLC, PMN III, LLC, GENERAL CHARLES E. "CHUCK" YEAGER (RET.), VICTORIA YEAGER, GENERAL CHUCK YEAGER, INC., and GENERAL CHUCK YEAGER FOUNDATION,<br><br>Defendants. | Civil Action No.: 18-30150<br><br>**JURY TRIAL DEMANDED**<br><br>September 12, 2018 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual" or "Plaintiff") files this Complaint against Defendants PMN II, LLC ("PMN II"), PMN III, LLC ("PMN III"), General Charles E. "Chuck" Yeager ("General Yeager"), Victoria Yeager, General Chuck Yeager, Inc. ("GCYI"), and General Chuck Yeager Foundation (the "Foundation") (collectively "Defendants") for a declaration that Plaintiff has not violated Defendants' common law or statutory rights of publicity,  Plaintiff has not violated Defendants' common law or statutory rights of privacy, Plaintiff has not violated Defendants' rights under the Lanham Act, and to determine which Defendant owns rights, title, and interest in General Yeager's name.

**PARTIES**

1. Plaintiff is a Massachusetts corporation with an address of 1295 State Street, Springfield, MA 01111.

2. Upon information and belief, PMN II is a Delaware limited liability company. Upon information and belief, members of PMN II are General Yeager, Victoria Yeager, and Sam MacGregor, all of whom are citizens of California.

3. Upon information and belief, PMN III is a Delaware limited liability company. Upon information and belief, the members of PMN III are the same as PMN II.

4. Upon information and belief, General Yeager is an individual with an address of PO Box 1507, Penn Valley, CA.

5. Upon information and belief, Victoria Yeager is an individual with an address of PO Box 1507, Penn Valley, CA.

6. Upon information and belief, the Foundation is a California nonprofit organization with an address of 126 Idaho Maryland Road, Grass Valley, CA 95945.

7. Upon information and belief, the GCYI is a California domestic stock corporation with an address of 126 Idaho Maryland Road, Grass Valley, CA 95945.

**JURISDICTION AND VENUE**

8. This action arises out of Defendants' allegations of violation of Defendants' right of publicity, right of privacy, and rights protected under the Lanham Act. This Court has subject matter jurisdiction over this action pursuant to 28 USC §§ 1331 and 1338(a) because one claim relates to false endorsement arising under the Lanham Act 15 USC § 1125(a). This Court also has supplemental jurisdiction under 28 USC § 1367 for claims arising under state law.

9. This Court has subject matter jurisdiction over this action under 28 USC § 1332 because Plaintiff and all Defendants are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2) because Plaintiff is located and is being harmed in this district, Defendants conduct business in this district, and/or the activity about which Plaintiff complains has taken place and is continuing to take place in this district.

11. This Court has personal jurisdiction over Defendants under the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3(a), because, on information and belief, Defendants have transacted business in the Commonwealth by way of the following:

a. making numerous contacts over a period of more than eight months with Plaintiff, including contact with Plaintiff's Massachusetts-based employees, in connection with allegations of violation of General Yeager's right of publicity;

b. making multiple demands of payment from Plaintiff in connection with allegations of violation of General Yeager's right of publicity;

c. maintaining a highly interactive website, www.chuckyeager.com (the "Yeager Website") available for use by residents of the Commonwealth of Massachusetts. The Yeager Website provides a contact form for visitors to send e-mails directly to General Yeager and the Foundation, encourages visitors to send an e-mail to inquire about General Yeager autographing items owned by the visitor, provides a newsletter sign-up page, contains links to General Yeager's social media pages, and includes a link to www.rightstuffstore.com (the "Right Stuff Store"), a website that offers dozens of Chuck Yeager-related items for sale; and

d. maintaining a GoFundMe crowd-sourced fundraising page, www.gofundme.com/yeager-file (the "GoFundMe Page"), to finance a General

Yeager documentary. The GoFundMe Page is accessible and funds can be collected from persons in Massachusetts.

12. An actual case or controversy has arisen between the parties. Victoria Yeager, wife of General Yeager, has demanded that Plaintiff make payment for alleged violation of General Yeager's right of publicity and has threatened litigation and reputational harm against Plaintiff. These actions threaten injury to Plaintiff.

## STATEMENT OF FACTS

13. On December 14, 2017, BenefitsPRO, a benefits trade publication, published an informative article written by an employee of Plaintiff titled, "Group Whole Life Soars at the Workplace" (the "Article").

14. The Article discussed a recent change in the insurance landscape in which more individuals now own group whole life insurance offered through their employers than from individual policies.

15. The Article did not advertise or offer for sale any products or services by Plaintiff or any other third party, but simply informed benefits professionals of market trends related to their line of business.

16. The Article made one use of General Yeager's name in an analogy that likened the "breakthrough" of increased sales of life insurance at the workplace to the breaking of the sound barrier. The focus of the analogy was the historic act of the breaking of the sound barrier itself, not General Yeager. General Yeager's name was used only incidentally for historical completeness, as shown in the relevant portion of the Article below:

> "The first supersonic flight was welcomed with a huge booming sound across the California desert as pilot Chuck Yeager's X-1 became the first manned airplane to reach Mach 1. The five-minute flight in 1947 was an historic moment celebrated in the film, "The Right Stuff."

> Another historic milestone occurred in the insurance industry last year but was greeted with considerably less fanfare. Like the flight of the X-1, though, last year's event marked a watershed for Americans, at least for their financial futures.
>
> For the first time ever, more people owned group life insurance rather than individual policies in 2016…"

17. General Yeager's name was not used within the title of the Article and was not visible prior to a user clicking on the link on BenefitsPRO.com to view the entire Article.

18. On or about December 15, 2017, Victoria Yeager placed a phone call to Jon Schuman, an employee in Plaintiff's Boston, MA office and the author of the Article, to inquire about the use of General Yeager's name.

19. That same day, Victoria Yeager placed phone calls to additional of Plaintiff's employees, including Jennifer Halloran, a media and advertising professional employed in Plaintiff's Boston, MA office, to allege violation of General Yeager's right of publicity in the Article by Plaintiff.

20. Plaintiff revised the Article on December 19, 2017 (the "Revised Article") to remove General Yeager's name.

21. General Yeager's name was incidental and in connection with an informative article. General Yeager's name was not used in connection with any commercial purpose. The Article did not advertise a product or service and General Yeager's name was not used to Plaintiff's advantage in any way.

22. The relevant portion of the Revised Article, without General Yeager's name, still has the same exact meaning and impact as the original Article, as demonstrated below:

> "The first supersonic flight was welcomed with a huge booming sound across the California desert as the X-1 became the first manned airplane to reach Mach 1. The five-minute flight in 1947 was a historic moment.

> Another historic milestone occurred in the insurance industry last year but was greeted with considerably less fanfare. Like the flight of the X-1, though, last year's event marked a watershed for Americans, at least for their financial futures.
>
> For the first time ever, more people owned group life insurance rather than individual policies in 2016…"

23. Use of General Yeager's name was not used to Plaintiff's advantage and did not impact viewers' decision to read the Article or increase the viewership of the Article.

24. Despite removal of General Yeager's name from the Article, Victoria Yeager has repeatedly demanded payment from Plaintiff for use of General Yeager's name for the period of December 14, 2017 to December 19, 2017, as well as threatened litigation and harm to Plaintiff's reputation.

25. No stranger to litigation, upon information and belief, Victoria Yeager has been declared a vexatious litigant by the United States District Court for the Eastern District of California for repeated frivolous and unmeritorious filings related to General Yeager's right of publicity.

26. It is unclear whether Victoria Yeager is acting on behalf of her husband as his legal guardian, in light of such an appointment after he was deemed to be incompetent by the Court in *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042 (E.D. Cal. 2015), or in her capacity as agent for GCYI or the Foundation, or otherwise.

27. Upon information and belief, the Yeagers have asserted that either PMN II or PMN III were assigned rights to General Yeager's right of publicity. As a result, it is possible that Victoria Yeager is the agent for PMN II and PMN III.

28. In her demands for payment from Plaintiff, Victoria Yeager has repeatedly referenced the need for funding to complete a documentary about General Yeager's life. According to the GoFundMe Page created in April 2018, $150,000 is needed to complete the

film. Links to the GoFundMe Page, along with requests for donations for the film, are frequently posted on General Yeager's Twitter and Facebook pages. Accordingly, it appears that Victoria Yeager's outrageous demands for payment from Plaintiff are at least in part due to an urgent need for funding to complete her husband's documentary.

29. It is currently unclear whether General Yeager or one of his related entities currently owns rights, title, and interest in General Yeager's name.

30. Since marrying Victoria Yeager in the early 2000s, General Yeager has become quite litigious with regard to enforcing his right of publicity. Various combinations of the Defendants have been involved in numerous lawsuits filed in multiple jurisdictions over General Yeager's right of publicity. A short summary of many of these cases is summarized in the order deeming Victoria Yeager to be a vexatious litigant, attached hereto as Exhibit A.

31. In *Yeager v. Fort Knox Sec. Prod.*, 672 F. App'x 826 (10th Cir. 2016), the United States Court of Appeals for the Tenth Circuit affirmed the District of Utah's ruling that General Yeager lacked standing to sue for violation of his right of publicity because he had assigned all relevant rights to PMN II[1] despite General Yeager's claims that such rights had been reassigned back to him from PMN II.

32. The status of ownership of the remainder of General Yeager's intellectual property is also unclear. Currently, PMN III is listed as the copyright owner of the Chuck Yeager Website. However, Victoria Yeager's e-mail signature lists CYGI as the copyright owner of the Chuck Yeager Website. Both PMN III and CYGI are listed as owners for different trademarks owned by General Yeager at the United States Patent and Trademark Office.

[1] According to that ruling, PMN stands for "Protect My Name." PMN II, LLC was set up by General Yeager and Victoria Yeager to enforce General Yeager's right of publicity. *See id.*

33. The demands for payment to Plaintiff and mode of payment requested on the Right Stuff Store further confuse ownership of General Yeager's right of publicity and other intellectual property. Victoria Yeager has requested payment in connection with claims of violation of General Yeager's right of publicity to the Foundation and to General Yeager. Payment for General Yeager's autograph on third-party merchandise on the Right Stuff Store is requested to be made out to "Chuck Yeager."

**COUNT I**

**(Declaratory Judgment of No Violation of Right of Publicity Under Massachusetts Statute)**

34. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

36. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of publicity.

37. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's right of publicity and has threatened to bring a right of publicity lawsuit against Plaintiff, as well as threats of reputational harm.

38. Plaintiff's use of General Yeager's name was in connection with an informative article and not for advertising purposes or for the purposes of trade.

39. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

40. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

41. Plaintiff seeks a declaratory judgment from this Court that Plaintiff's use of General Yeager's name has not violated General Yeager's right of publicity under Mass. Gen. Laws ch. 214, § 3A.

**COUNT II**

**(Declaratory Judgment of No Violation of Right of Publicity Under California Statute)**

42. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

43. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

44. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of publicity.

45. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's right of publicity and has threatened to bring a right of publicity lawsuit against Plaintiff, as well as threats of reputational harm.

46. Plaintiff's use of General Yeager's name was in connection with an informative article and not in connection with any products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services.

47. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

48. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

49. Plaintiffs contend Massachusetts law is the applicable law for this action; however, Victoria Yeager has referenced the California statute and, in the event the Court

determines California law applies, Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not violated General Yeager's right of publicity under California Civil Code § 3344.

**COUNT III**

**(Declaratory Judgment of No Violation of Right of Publicity Under California Common Law)**

50. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

51. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

52. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of publicity.

53. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's right of publicity and has threatened to bring a right of publicity lawsuit against Plaintiff, as well as threats of reputational harm.

54. Plaintiff's use of General Yeager's name was in connection with an informative article, not to Plaintiff's benefit, commercial or otherwise.

55. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

56. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

57. Plaintiffs contend Massachusetts law is the applicable law for this action; however, in the event the Court decides to apply California law, Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not violated General Yeager's right of publicity under California common law.

## COUNT IV

**(Declaratory Judgment of No Violation of Right of Privacy Under Massachusetts Statute)**

58. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

59. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

60. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of privacy.

61. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's right of privacy and has threatened to bring a right of privacy lawsuit against Plaintiff, as well as threats of reputational harm.

62. Plaintiff's use of General Yeager's name was in connection with an informative article.

63. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

64. Plaintiff's use of General Yeager's name did not unreasonably, substantially or seriously interfere with General Yeager's right of privacy.

65. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

66. Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not violated General Yeager's right of privacy under Mass. Gen. Laws ch. 214 §1B.

**COUNT V**

**(Declaratory Judgment of No Misappropriation of Right of Privacy Under California Common Law)**

67. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

68. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

69. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of publicity.

70. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's right of privacy and has threatened to bring a right of privacy lawsuit against Plaintiff, as well as threats of reputational harm.

71. Plaintiff's use of General Yeager's name was in connection with an informative article, not to Plaintiff's benefit, commercial or otherwise.

72. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

73. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

74. Plaintiffs contend Massachusetts law is the applicable law for this action; however, in the event the Court decides to apply California law, Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not misappropriated General Yeager's right of privacy under California common law.

## COUNT VI

**(Declaratory Judgment of No False Endorsement under Lanham Act)**

75. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

76. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

77. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's right of publicity.

78. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 creates a false endorsement under Lanham Act § 1125(a) and has threatened to bring a lawsuit against Plaintiff, as well as threats of reputational harm.

79. Plaintiff's use of General Yeager's name was in connection with an informative article and was not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with General Yeager, or as to the origin, sponsorship or approval of Plaintiff's goods, services, or commercial activities by General Yeager.

80. Plaintiff's use of General Yeager's name was incidental to the discussion of an historical event within an informative article over a period of only five days.

81. Plaintiff's use of General Yeager's name did not result in any injury to the Defendants.

82. Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed Defendants' rights in and to General Yeager's name under the false endorsement provision of Lanham Act § 1125(a).

**COUNT VII**

**(Declaratory Judgment to Determine Ownership of Right of Publicity)**

83. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

84. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

85. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants concerning General Yeager's intellectual property.

86. Defendants have claimed that Plaintiff's use of General Yeager's name in connection with the Article between December 14, 2017 and December 19, 2017 violates General Yeager's intellectual property and has threatened to bring a lawsuit against Plaintiff, as well as threats of reputational harm.

87. Due to various potential assignments, it is unclear who owns rights, title, and interest in General Yeager's intellectual property.

88. In order to resolve this action, Plaintiff seeks a declaratory judgment from this Court as to which Defendant owns right, title, and interest in General Yeager's intellectual property.

**WHEREFORE**, MassMutual requests that the Court:

1. Enter judgment declaring that MassMutual has not violated General Yeager's common law or statutory rights of publicity under the laws of Massachusetts or California;

2. Enter judgment declaring that MassMutual has not violated General Yeager's common law rights of privacy under the laws of Massachusetts or California;

3. Enter judgment declaring that MassMutual has not infringed General Yeager's rights in or to his name under the false endorsement provision of the Lanham Act;

4. Alternatively, enter judgment declaring which Defendant owns rights, title, and interest in General Yeager's intellectual property;

5. Award MassMutual its costs and attorneys' fees, including pursuant to California Civil Code § 3344(a) and Lanham Act § 1117(a); and

6. Enter such other and further relief as this Court deems just and proper.

Dated: September 12, 2018

Respectfully submitted,

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

/s/ Erick M. Sandler
Erick M. Sandler (BBO # 653868)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Phone (860) 275-0138
Fax (860) 881-2459
emsandler@daypitney.com

*Attorney for Plaintiff*

Elizabeth A. Alquist
Melanie J. Raubeson
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Phone (860) 275-0136
Fax (860) 881-2456
eaalquist@daypitney.com
mraubeson@daypitney.com

*Of Counsel for Plaintiff*