**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     Civil Action No.: 18-30150 ) |
| PMN II, LLC, PMN III, LLC, GENERAL CHARLES E. "CHUCK" YEAGER (RET.), VICTORIA YEAGER, GENERAL CHUCK YEAGER, INC., and GENERAL CHUCK YEAGER FOUNDATION, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

_____)

## PLAINTIFF'S MOTION FOR ORDER REGARDING SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS

Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") hereby respectfully submits this Motion seeking an order to confirm that Defendants PMN II, LLC, PMN III, LLC, General Charles E. "Chuck" Yeager (Ret.) ("General Yeager"), Victoria Yeager ("Mrs. Yeager"), General Chuck Yeager, Inc., and General Chuck Yeager Foundation (collectively, "Defendants") were served with the summons and Complaint in this action on November 28, 2018.  Alternatively, MassMutual respectfully requests an order stating that service of the summons and Complaint on Defendants via United States Postal Service express mail delivery to her current post office box mailing address and by e-mail to victoria.yeager@prodigy.net was sufficient.

In support of this Motion, MassMutual states the following:

1.      This action arises from Mrs. Yeager's allegations that MassMutual violated General Yeager's right of publicity and right of privacy when an article written by a MassMutual employee and published in a benefits trade publication made reference to the historical milestone of General Yeager's first supersonic flight.  After Mrs. Yeager, who has been declared a vexatious litigant by California state and federal courts, *see* Exhibits A and B, made repeated threats against MassMutual, MassMutual filed its Complaint for Declaratory Judgment (the "Complaint") on September 12, 2018.  The Complaint seeks a declaration that MassMutual has not violated Defendants' common law or statutory rights of privacy, Plaintiff has not violated Defendants' rights under the Lanham Act, and to determine which Defendant owns rights, title, and interest in General Yeager's name.

2.      Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1, the time period for MassMutual to serve the Defendants runs until December 11, 2018.

3.      Mrs. Yeager is the agent for process of service for General Chuck Yeager, Inc. and General Yeager Foundation.  *See* Ex. C.

4.      Mrs. Yeager is also, upon information and belief, a member of PMN II, LLC and PMN III, LLC.

**MassMutual Requests that Defendants Waive Service**

5.      On October 2, 2018, Mrs. Yeager communicated with an in-house attorney for MassMutual by e-mail and telephone, during which communications Mrs. Yeager acknowledged that she was aware of the commencement of this action.  *See* Ex. A.[1]

6.      On October 2, 2018, MassMutual's counsel in this action, Elizabeth Alquist ("Attorney Alquist"), sent Mrs. Yeager, via UPS delivery, a package enclosing Notice of a

---

[1] Mrs. Yeager has informed MassMutual's counsel that Defendants are not represented by counsel in this matter.

Lawsuit and Request to Waive Service of a Summons forms and Waiver of Service of Summons forms. *See* Ex. D. The package was rejected and returned to counsel.

7.       On October 2, 2018, MassMutual's in-house attorney also sent Mrs. Yeager, via e-mail,[2] copies of the Complaint and Waiver of Service of Summons forms for each of the Defendants. *See* Ex. A.

8.       Attorney Alquist has had multiple communications with Mrs. Yeager since sending her Waiver of Service forms during which Mrs. Yeager has acknowledged her awareness of this lawsuit and the request for Defendants to waive service. Attorney Alquist also has followed up on the request to waive service in these communications. Nevertheless, Defendants refused to waive service of the summons and Complaint. After allowing more than thirty days for Defendants to waive service, MassMutual proceeded to attempt service on Defendants.

**MassMutual's Service of the Summons and Complaint**

9.       On November 28, 2018, Defendants were served at 15995 Pleasant Valley Road, Penn Valley, CA by posting in a conspicuous place on the property - namely a post next to the gate which surrounds the home. *See* Doc Nos. 6-11. This is "*prima facie* evidence that service was validly performed." *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 354 (D. Mass. 2008).

10.     Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state were the district court

---

[2] E-mails to Mrs. Yeager have been sent to her address victoria.yeager@prodigy.net. Mrs. Yeager uses this e-mail address in other pending lawsuits in which she is a *pro se* party and has also used it to communicate with MassMutual and its counsel.

is located."  A corporation, partnership or other unincorporated association may also be served in this manner.  *See* Fed. R. Civ. P. 4(h).

11.     Rule 4(e) of the Massachusetts Rules of Civil Procedure provides that service may be made outside of the Commonwealth of Massachusetts by any appropriate manner prescribed by Mass. R. Civ. P. 4(d), which includes that an individual may be served "by leaving copies thereof at his last and usual place of abode," (Mass. R. Civ. P. 4(d)(1)) and a corporation or unincorporated association may be served by "delivering such copies to any other agent authorized by appointment or law to receive service of process."  Mass. R. Civ. P. 4(d)(2).

12.     Further, Mass. R. Civ. P. 4(e) provides that service may be made outside of the Commonwealth "as directed by order of the court."

13.     15995 Pleasant Valley Road, Penn Valley, California is the last and usual place of abode of Mrs. Yeager and General Yeager.  For example, in the action *Yeager, et al. v. Bowlin, et al.*, pending in the United States District Court for the Eastern District Court of California, the U.S. Magistrate Judge directed that the Yeagers be served with notice of a hearing on a sanctions motion at this address.  *See* Ex. E.  Therefore, service has been made pursuant to Fed. R. Civ. P. 4(3)(1) and 4(h).

14.     15995 Pleasant Valley Road, Penn Valley, California is also currently listed as the address for General Chuck Yeager, Inc. on the trademark registrations for "Chuck Yeager" with the United States Patent and Trademark Office.  *See* Ex. F.[3]

15.     In addition, on November 29, 2018, MassMutual's counsel sent copies of the summons and Complaint to Mrs. Yeager, via United States Postal Service express mail delivery,

---

[3] The Trademark Manual of Examining Procedure ("TMEP") establishes a duty to maintain a current and accurate correspondence address.  TMEP Sec. 609.03 (Oct. 2018).

at the address P.O. Box 1507, Penn Valley, California 95946.  Mrs. Yeager identifies this P.O.

Box as her current mailing address in pending lawsuits to which she is a *pro se* party.  *See* Ex. G.

16.     Mrs. Yeager has, however, informed MassMutual's counsel that Defendants

challenge the sufficiency of this service.

17.     On December 7, 2018, by e-mail, Ms. Yeager asserted that Defendants were not

served at 15995 Pleasant Valley Road, Penn Valley, CA, that they have not been at that address

for "several months" and that "no mail is accepted there."  *See* Ex. H.

18.     Though requested by counsel for MassMutual, Mrs. Yeager has refused to

provide an alternate address for service.

19.     Mrs. Yeager's course of action is consistent with the rulings declaring her and

General Yeager "vexatious litigants" in California.  *See* Ex. A and B.

20.     Mrs. Yeager and General Yeager also have a history of attempting to evade

service.  According to sworn statements filed in a California lawsuit, in 2011, Mrs. Yeager and

General Yeager went to the extreme lengths of holding a process server at gunpoint.  *See* Ex. I.

**Defendants Have Knowledge Of This Action and Will Not Be Prejudiced By The Requested Order**

21.     Defendants will not be prejudiced by an order deeming service complete because

Defendants have had a copy of the complaint since approximately October 2, 2018.  *See* Ex. A.

22.     In *Arnold v. Books*, 2003 Mass. App. Div. 187, *2 (2003), a Massachusetts state

court found that there was "substantial evidence" that a party received notice of a matter where

process was delivered to the wife or girlfriend of the party, and thereafter, the party contacted

opposing counsel to discuss the matter.  *See* Ex. J.

23.     Here, Defendants have received the Complaint via e-mail, by delivery to their

post office box address, and by service at their last and usual place of abode.  Further,

MassMutual and its counsel have been in contact with Mrs. Yeager regarding the Complaint and its contents.

Therefore, MassMutual respectfully requests an order from this Court declaring that Defendants were properly served on November 28, 2018 pursuant to Fed. R. Civ. P. 4.

Alternatively, MassMutual respectfully requests an order stating that delivery of the summons and Complaint to the Yeagers' post office box address and to Mrs. Yeager via e-mail to victoria.yeager@prodigy.net is sufficient service for this action.[4]  Should the Court determine that further service on the Defendants is required, MassMutual requests a 30-day extension of the deadline to serve Defendants, up to and including January 11, 2019.[5]

---

[4] A court may order an alternative method of service may be warranted "[w]here a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to effectuate service of process on a defendant." *Alves v. Daly*, 2013 WL 1330010, *4 (D. Mass. 2013).  Any alternate method of service ordered must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (citation omitted).  In *Alves*, this Court allowed an alternative method of service where the plaintiff repeatedly called and left messages at the defendant's work place, had a sheriff attempt in-hand service on multiple occasions, and tried to determine defendant's last known residential address. *Id*.

Here, MassMutual has attempted to secure a waiver of service from Defendants, served Defendants at their last and usual abode, and delivered copies of the summons and Complaint to Defendants via their post office box address and active e-mail address.

[5] If it becomes necessary to again attempt personal service on Defendants, it may be necessary, given the Yeagers' apparent history of threatening process servers, to issue an order directing that a U.S. Marshal serve Defendants in this action.  In any event, for the reasons stated herein, service should be deemed effected based on the measures already taken by MassMutual.

Dated: December 11, 2018

Respectfully submitted,

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY

/s/ Erick M. Sandler
Erick M. Sandler (BBO # 653868)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Phone (860) 275-0138
Fax (860) 881-2459
emsandler@daypitney.com

*Attorney for Plaintiff*

Elizabeth A. Alquist
Melanie J. Raubeson
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Phone (860) 275-0136
Fax (860) 881-2456
eaalquist@daypitney.com
mraubeson@daypitney.com

*Of Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on December 11,

2018.

/s/ Erick M. Sandler
Erick M. Sandler

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATE</u>

It is MassMutual's position that Local Rule 7.1(a)(2) does not apply to this Motion because Defendants have not entered appearances in this action and there is no opposing counsel with which to confer.  However, as indicated in the Motion, I have conferred with Defendants on multiple occasions, including to request waivers of service and an alternate addresses for service, in a good faith attempt to resolve or narrow the issue of effectuating service.

<u>/s/ Elizabeth A. Alquist</u>
Elizabeth A. Alquist