Victoria Yeager
Charles E. Yeager
P.O. Box 1146
Grass Valley, CA 95946
214 708 8735
Specially Appearing Defendants
For themselves and for the corporations

FILED
IN CLERKS OFFICE
2018 DEC 21  AM 11: 36
U.S. DISTRICT COURT
DISTRICT OF MASS.

**United States District Court for the District of Massachusetts**

| | |
|---|---|
| Mass Mutual, | Case No. 3:18-cv-30150-KAR |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION AND MOTION TO QUASH SERVICE, AND DISMISS THIS CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VICTORIA YEAGER** |
| PMN III, PMN II, Victoria Yeager, Charles E. Yeager, General Chuck Yeager Inc. General Chuck Yeager Foundation, et al | |
| Defendants. | DATE: January 28, 2019<br>TIME:<br>DEPT: |

TO PLAINTIFF, MASS MUTUAL, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 28, 2019, at 9 am., or as soon after that as the matter can be heard, in the above-entitled court located at United States Courthouse 300 State Street, Suite 120, Springfield, Massachusetts, 01105, specially appearing defendants PMN III, PMN II, Victoria Yeager, Charles E. Yeager, General Chuck Yeager Inc., General Chuck Yeager Foundation, et al will appear specially by telephone and move the Court for an order quashing plaintiff's purported service of summons and complaint on defendants. This motion is made pursuant to Federal Rules of Civil Procedure for the United States District Courts: Title II Rule 4 (e) Serving under section 418.10 of the California Code of Civil Procedure on the grounds that the summons and complaint were not properly served on defendants in that Defendants, PMN III, PMN II, Victoria

Yeager, Charles E. Yeager, General Chuck Yeager Inc. General Chuck Yeager Foundation, et al were not personally served with the summons and complaint as required by law. Therefore, the purported service on Defendant is not valid and should be quashed.

This motion will be based on this notice of motion, the memorandum of points and authorities; the Declaration of Victoria Yeager, the pleadings, documents, records and files in this action, and such oral and documentary evidence as may be presented at the hearing.

December 17, 2018

*/s/ V. S.*
Victoria Yeager, specially appearing
Defendant for herself and
standing in for all Specially Appearing
Defendants

*/s/ Charles E. Yeager*
Charles E. Yeager,
specially appearing Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1. According to Plaintiff Mass Mutual, some time in September 2018, Plaintiff, Mass Mutual ("Plaintiff") filed their complaint against the specially appearing Defendants Charles E. Yeager, Victoria Yeager (collectively the "Yeagers"), et al (all defendants named this case collectively "Defendants").

2. Plaintiff Mass Mutual alleges that Defendants were served on November 28, 2018 with the summons and complaint. However, it is undisputed that no person was ever served, not the Yeagers individually, nor the agents of service for defendants. (Victoria Yeager Declaration ["VY Decl."] ¶ 3)

3. Defendants contend that any purported service on them was improper and the Court

should quash the purported service and dismiss the case or require Plaintiff to properly serve them.

Further, this lawsuit was filed for improper purposes and for forum shopping. (VY Decl. ¶ 5)

## II.

## LEGAL ARGUMENT

### A.   THE PURPORTED SERVICE OF THE SUMMONS AND COMPLAINT IS NOT VALID AND SHOULD BE QUASHED

4. Federal Rules of Civil Procedure for the United States District Courts: Title II Commencing an Action; Service of Process, Pleadings, Motions, and Orders Rule 4. Summons (e) Serving an Individual Within a Judicial District of the United State states: "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process"

5.   Mass Mutual has not personally served General Charles E. Yeager and has not personally served Victoria Yeager. Thus, there is no service and the case should be dismissed or Mass Mutual should be required to do a proper service per the law. (VY Decl. ¶ 3)

6.   Like Federal law, California law requires personal service.

7.   *California Code of Civil Procedure* § 418.10 states in part:

> "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion for one or more of the following purposes: (1) To quash service

of summons on the ground of lack of jurisdiction of the court over him or her".

8. ARTICLE 3. Manner of Service of Summons: California *Code of Civil Procedure* § 415.10 states in part:

> "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."

9. California *Code of Civil Procedure* § 415.20 states.

> "(a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>
> (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.
>
> (c) Notwithstanding subdivision (b), if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code."

10. Because both Federal and California law require personal service on the party or someone competent at the party's address and it is undisputed that no person, let alone a party, has been served, the service of summons must be quashed. Further, it is also undisputed that no mail can be received at 15595 Pleasant Valley Road, Penn Valley, CA 95946. Mass Mutual or their agent would have received any items Mass Mutual or their agent allegedly to the Yeagers at that address returned. There is no mailbox and never has been at that street address so mail cannot be delivered there. (VY Decl. ¶ 4)

11. CORPORATIONS California TITLE 5; CHAPTER 4. Service of Summons ARTICLE 4. Persons Upon Whom Summons May Be Served: California Code of Civil Procedure Section 416.10 states:

> "A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).
>
> (b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."

12. Again, no person was ever served. Further, Victoria Yeager is not the agent of service. Since there was no substitute service, it is undisputed that California law was not followed and so service on each and every defendant must be quashed. (VY Decl. ¶ 6)

13. Further, Mass Mutual may not bend the rules to claim service. They must follow the law. While a Court may order a different method of service which can be disputed, a Court may not deem a prior unlawful claim of improper service, a proper service.

14. There is no dispute that the Yeagers at the time of Mass Mutual's violation, as Mass Mutual already knows, held and currently hold the rights to pursue protecting General Yeager's name and trademarks. (VY Decl. ¶ 7)

### VIOLATION OF AGREEMENT

15. In addition, Mass Mutual and the Yeagers agreed to not file any lawsuit while negotiating settlement and to not serve any lawsuit if filed. Mass Mutual by filing this lawsuit and by pretending to serve it, is in violation of this agreement. (This agreement was made with Mass Mutual agents in New York and Connecticut, not Massachusetts). It would appear that Mass Mutual and their attorneys have not been acting in good faith and in so doing and more, the attorneys have violated the rules of professional conduct. (VY Decl. ¶ 8)

16. Mass Mutual's attorneys have not been following the rules or adhering to their agreements. Further, they have intentionally filed in the wrong jurisdiction. The parties are in the midst of negotiations because at least two employees have admitted misappropriation of name. (VY Decl. ¶ 9)

17. The Yeagers have not received any copy of the complaint in the mail either. The agents of service for the corporations named above have not received a copy of the complaint. (VY Decl. ¶ 10)

18. If the Court deems service is proper, which it is not and thus so deeming would be an abuse of discretion and highly prejudicial to Defendants, then the service date would be December 8, 2018 (pursuant to California law; if a party is not personally served but a competent adult inhabitant of the dwelling or office is, service is deemed complete 10 days after the alleged mailing of summons and complaint) and at a minimum the response date would be December 28, 2018. Further

if the Court deems service is proper, the Yeagers request the Court itself send them a copy of the Complaint. (VY Decl. ¶ 11)

19. Further, the Yeagers reserve the right to challenge venue and jurisdiction. As a preview, pursuant to Massachusetts General Laws Section 3, neither the Yeagers nor the corporations have done any of the required actions for Massachusetts to claim jurisdiction over them. (VY Decl. ¶ 12)

20. The Yeagers request sanctions if Mass Mutual has in fact filed papers stating they properly served the Yeagers. Mass Mutual has not met and conferred except to agree that neither side will file any lawsuit until both sides agreed negotiations were exhausted. (VY Decl. ¶ 13)

21. The Yeagers move to strike and also object to any filings as Mass Mutual has not met and conferred with the Yeagers prior to filing them per the requirements of the local rules and object to irrelevant and hearsay evidence and statements as well as any evidence that involves the settlement discussions, in any filings. (VY Decl. ¶ 14)

22. Most likely, if the Court does not allow Mass Mutual's misuse of procedures and the judicial system, a proper settlement will occur. (VY Decl. ¶ 16)

### REQUEST A HEARING

23. Pursuant to local rules, the Yeagers request a hearing by telephone. (VY Decl. ¶ 15)

Respectfully submitted:

December 17, 2018

_/s/ V.S.Y._
Victoria Yeager, specially appearing
Defendant for herself and
standing in for all specially appearing
Defendants

_Charles E. Yeager_
Charles E. Yeager, specially appearing
Defendant
GC 74

# DECLARATION

I, Victoria Yeager, declare:

1. I am over the age of 18, am a party to this action, the following is of my own knowledge, and if called upon, I can and will testify to the following:

2. According to Mass Mutual, some time in September 2018, during our negotiations, Plaintiff, Mass Mutual ("Plaintiff") filed their complaint against the specially appearing Defendants Charles E. Yeager and myself, and the rest of the defendants (all defendants named this case collectively "Defendants").

3. Mass Mutual told us that all Defendants were served on November 28, 2018 with the summons and complaint. Mass Mutual agrees that no person was ever served, as required. Neither General Yeager or me individually, nor any agents of service for any of the defendants were served. The corporations are not registered in Massachusetts or California.

4. It is undisputed that no person, let alone a party, has been served, the service of summons must be quashed. Further, it is also undisputed that no mail can be received at 15595 Pleasant Valley Road, Penn Valley, CA 95946. Mass Mutual or their agent would have received any items Mass Mutual or their agent allegedly mailed returned. There is no mailbox and never has been in over 20 years at that street address so mail cannot be delivered there.

5. Mass Mutual filed the lawsuit for improper purposes. They know Massachusetts has no jurisdiction, that it is a forum inconvenient for General Yeager and me, especially as General Yeager who will be 96 in February 2019, does not live on the East Coast and it would be a hardship to travel to Massachusetts. Mass Mutual is clearly improperly forum shopping.

6. I am not the agent of service for the corporations. It is undisputed that California law was not followed and so service on each and every defendant must be quashed.

7. It is undisputed that the Yeagers at the time of Mass Mutual's violation, held and currently hold the rights to pursue protecting General Yeager's name and trademarks.

8. Mass Mutual and General Yeager and I agreed to not file any lawsuit while negotiating settlement. Mass Mutual by filing this lawsuit and by pretending to serve it, is in violation of this agreement. (This agreement was made with Mass Mutual agents in New York and Connecticut, not Massachusetts). It would appear that Mass Mutual and their attorneys have not been acting in good faith and in so doing and more, the attorneys have violated the rules of professional conduct.

9. Mass Mutual's attorneys have not been following the rules or adhering to their agreements. The parties are in the midst of negotiations because at least two employees have admitted intentional misappropriation of name.

10. General Yeager and I have not been served any copy of the complaint in the mail either. The agents of service for the corporations named above have not received a copy of the complaint.

11. If the Court deems service is proper, which it is not and thus so deeming would be an abuse of discretion and highly prejudicial to Defendants, then the service date would be December 8, 2018 (pursuant to California law; 10 days after alleged mailing of summons and complaint) and at a minimum the response date would be December 28, 2018. Further if the Court deems service is proper, General Yeager and I request the Court send us a copy of the Complaint.

12. Further, General Yeager and I reserve the right to challenge venue and jurisdiction. As a preview, pursuant to Massachusetts General Laws Section 3, neither General Yeager and I nor the corporations have done any of the required actions for Massachusetts to claim jurisdiction over us.

NOTICE OF MOTION AND MOTION TO QUASH SERVICE

13. General Yeager and I request sanctions if Mass Mutual has in fact filed papers stating they served the General Yeager and me. Mass Mutual has not met and conferred except to agree that neither side will file any lawsuit until both sides agreed negotiations were exhausted

14. General Yeager and I move to strike and also object to any filings as Mass Mutual has not met and conferred with General Yeager and me except as above prior to filing them per the requirements of the local rules and object to irrelevant and hearsay evidence and statements as well as any evidence that involves the settlement discussions, in any filings.

15. Pursuant to local rules, General Yeager and I request a hearing by telephone.

16. I am confident that if the Court arrests Mass Mutual's misuse of the judicial system, that a proper settlement will result.

I declare the foregoing to be true and correct under the laws of the State of California.

December 17, 2018

*/s/ V. Syc*

Victoria Yeager, specially appearing
Defendant

c. GCYI